## STRAFFORD, SEPTEMBER TERM, 1824.

⁓⁓

### MEREDITH *vs.* CANTERBURY.

Where the selectmen of the town of *M.* gave directions in writing to the sheriff, " to notify the selectmen and town clerk of the town of *C.*," that a pauper, settled in *C.*, had become chargeable, &c., and the sheriff left with the selectmen and town clerk of *C.* a copy of said directions; it was held not to be notice to *the town*, as required by the statute, to render the town of *C.* liable for the supplies furnished the pauper.

Assumpsit, for the support of a pauper, alleged to have a settlement in the town of *Canterbury.*

The cause was tried here, at February term, 1823, upon the general issue, and a verdict returned for the plaintiffs, subject to the opinion of the court upon the following facts.

The notice, which *Meredith* gave to *Canterbury*, that the pauper had become chargeable, was directed to the sheriff of the county of Rockingham, or his deputy, and required them " to notify the selectmen and town clerk of the town " of *Canterbury*," that the pauper had become chargeable, and that a certain sum had been expended for her relief. This was signed by the selectmen of *Meredith*, and was served by leaving a copy thereof with each of the selectmen, and with the town clerk of *Canterbury.*

*Sullivan,* for the plaintiffs.

*Mason,* for the defendants.

Richardson, C. J. The statute of June 27, 1809, sec. 2, (1 *N. H. Laws* 360,) provides, " That in all cases, notice in " writing, signed by a majority of the selectmen, or over- " seers, and stating the sum expended by them for the re- " lief of such poor person, shall be given in the manner " hereinafter mentioned, *to the town*, place, or person

" chargeable, &c., within ninety days from the time the first " relief shall have been so afforded ; and such notice shall " be served *on the town*, that may be chargeable, by the " sheriff, &c., by leaving an attested copy of such notice, " with his return thereon, with at least one of the select-" men or overseers of the poor, and with the clerk of such " town or place."

It is objected, that the notice in this case, instead of being directed to the town, and served upon the selectmen and town clerk, as required by the statute, is directed to the sheriff, commanding him to notify, not the town, but the selectmen and town clerk of *Canterbury* ; and the question is, whether this is a sufficient compliance with the requisitions of the statute ?  As there is no obligation, which, independent of the statute, binds one town more than another to maintain a particular pauper, it has always been held, that, in order to charge a town, the statute must be strictly pursued.  And for the same reason, we ought, in giving a construction to the statute, to follow its plain letter, and to understand it in its most obvious sense and meaning.  The statute requires, that " *notice in writing shall be given to the* " *town*," and " *that such notice shall be served upon the town*." But the selectmen and town clerk are not the town ; and notice to them is not notice to the town.  The statute declares, that the notice shall be served upon *the town*, by a copy left with one of the selectmen, and the town clerk : a copy of what ? a copy of the notice in writing, which the statute declares shall be given to the town.  The statute of February 8th, 1791, sec. 19, provides, that writs shall be served upon corporations, by an attested copy, left with the clerk of the corporation.  But it has never been imagined, that, when a corporation was to be sued, the writ itself was to run against its clerk.  And we entertain no doubt, that, when notice is to be given to a town, that one of its inhabitants has become chargeable, the notice must be directed to the town, and be served in the manner the statute prescribes. It is not a little singular, that, where the language of a statute is plain and clear, giving explicit directions how to proceed, an attempt should be made in any case to be wiser than the

law ; and our wonder is not a little increased, when we meet with such attempts in relation to the statutes concerning paupers, which all courts have felt themselves bound to construe strictly. It is our business to expound, and not to make the law ; and as the notice, in this case, does not conform to the requisitions of the statute, it is our duty to pronounce it void.

The verdict must, therefore, be set aside, and a nonsuit entered.

*Plaintiff nonsuit.*